Mary K. Alejandro
Acting Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol 1219796)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
       Telephone: (213) 894-4983
       Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

*MADE JS-6*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                           Plaintiff,<br><br>             v.<br><br>**NOLBERTO ROSA ORELLANA individually and doing business as LA SEWING CONTRACTOR,**<br><br>                           Defendant. | Case No. CV 12-4288 GW (JEMx)<br><br>**CONSENT JUDGMENT** |

   Plaintiff Hilda L. Solis, Secretary of Labor, U.S. Department of Labor ("Secretary"), and Defendant Nolberto Rosa Orellana, individually and doing business as LA Sewing Contractor ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

   A.   The Secretary has filed a Complaint alleging that Defendant violated provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 215(a)(1), 215 (a)(2), and 215(a)(5), of the Fair Labor Standards Act of 1938, as amended ("FLSA").

   B.   Defendant has appeared and after having been advised of his right to seek counsel, acknowledged receipt of a copy of the Secretary's Complaint.

C. Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F. Defendant admits that it failed to pay its employees an overtime premium when they worked in excess of 40 hours in a workweek resulting in $97,078.61 in back-wages due to its employees which amount has been posted by the manufacturer.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that defendant Nolberto Rosa Orellana individually and doing business as LA Sewing Contractor, his agents, servants, and employees and those persons in active concert or participation with him who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5), in any of the following manners:

1. Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless the employee is paid at a rate of time and one half the employee's regular rate for all hours worked in excess of 40 hours in a workweek.

2. Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other con-

ditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee has been employed in violation of FLSA §§ 6 and/or 7, 29 U.S.C. §§ 206 and/or 207.

4. Defendant shall not continue to withhold the payment of $97,078.61 in unpaid overtime pay hereby found to be due under the FLSA to 47 employees for the period from January 23, 2010 to January 23, 2012, as a result of their employment by the Defendant. The attached Exhibit 1 shows the name of each employee, period of employment and gross backwage amount due to each employee.

The provisions of this paragraph are deemed satisfied by Wage and Hour having received payment of this amount from the manufacturer on whose goods Defendant's employees worked.

5. So long as Defendant is associated in any way with the garment industry in Los Angeles, Defendant shall not fail to notify the Wage and Hour Division of any change in the name, location or telephone number of his business, or the name, location and telephone number of any garment business in which he is employed in any capacity. Defendant shall notify the Wage and Hour Division at 915 Wilshire Boulevard, Ste. 960, Los Angeles, CA 90017, Telephone (213) 894-6375, within 15 calendar days of any such change.

6. Defendant shall not demand, request or accept return of the backwages paid to the employees pursuant to this Judgment or any portion thereof, nor may he deduct the value of the backwages from the wages of the employees going forward, nor may he harass, retaliate, discharge or reduce the hours of any employee because of the em-

ployee's receipt of the backwages due under this Judgment; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED.

Dated: May 31, 2012

_____
GEORGE H. WU, U.S. DISTRICT JUDGE

The defendant Nolberto Rosa Orellana individually and doing business as LA Sewing Contractor hereby appears, waives any defense herein, consents to the entry of this Consent Judgment, and waives notice by the Clerk of Court:

By: _____     _____
    Nolberto Rosa Orellana, individually          Date

By: _____     _____
    Nolberto Rosa Orellana doing                  Date
    business as LA Sewing Contractor

For the plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____     _____
SUSAN SELETSKY, Attorney                   Date
Attorneys for the Plaintiff,
U.S. Department of Labor

Exhibit 1

| Last Name | First Name | Period of Employment | Gross Amount Due |
|---|---|---|---|
| Alonso | Martha | 10/8/2010 – 1/27/2012 | $3,081.50 |
| Argueta | Diego | 10/22/2010 – 12/17/2010 | $333.67 |
| Argueta | Gregorio | 10/29/2010 – 12/17/2010 | $440.24 |
| Avila | Manuel | 10/8/2010 – 9/23/2011 | $1,986.00 |
| Cano | Susana | 4/2/2010 – 12/30/2011 | $4,555.50 |
| Castano | Lidia | 3/26/2010 – 1/30/2012 | $775.72 |
| Castro | Maria | 2/20/2010 – 3/11/2011 | $4,423.10 |
| Ceja | Dolores | 12/30/2011 – 1/27/2012 | $176.50 |
| Cornelio | Coril | 8/12/2011 – 9/23/2011 | $356.00 |
| Cruz | Maria | 7/1/2010 – 1/27/2012 | $2,755.50 |
| Cruz | Mercedes | 2/20/2010 – 3/11/2011 | $6,621.18 |
| Enriquez | Israel | 3/5/2010 – 1/13/2012 | $957.97 |
| Escudero | Javier | 2/11/2011 – 3/11/2011 | $920.75 |
| Estrada | Rita | 4/2/2010 – 4/8/2011 | $1,087.44 |
| Flores | Felix | 10/8/2010 – 3/11/3011 | $2,499.78 |
| Garcia | Miguel | 2/25/2011 – 3/11/2011 | $1,554.32 |
| Gongora | Luis | 12/3/2011 – 1/13/2012 | $846.42 |
| Gonzaga | Anel | 10/7/2011 – 12/30/2011 | $158.00 |
| Gonzalez | Julio | 3/5/2010 – 3/11/2011 | $1,548.90 |
| Gonzalez | Virginia | 3/5/2010 – 3/5/2010 | $96.00 |
| Hernandez | Miguel | 10/8/2010 – 3/11/2011 | $3,551.50 |
| Lara | Elizabeth | 2/20/2010 – 12/30/2011 | $1,085.32 |
| Lopez | Milgen | 2/20/2010 – 1/27/2012 | $3,927.19 |
| Lorenzo | Maria | 3/12/2010 – 3/11/2011 | $7,900.96 |
| Maldonado | Irineo | 10/8/2010 – 2/11/2011 | $3,411.78 |

| Last Name | First Name | Period of Employment | Gross Amount Due |
|---|---|---|---|
| Maldonado | Santos | 3/1/2011 – 3/11/2011 | $4,013.54 |
| Matul | Wulison | 3/5/2010 – 3/11/2011 | $4,099.08 |
| Montoya | Martina | 2/20/2010 – 3/11/2011 | $6,868.00 |
| Mora | Liliana | 10/8/2010 – 11/18/2011 | $2,356.00 |
| Morales | Francisco | 11/12/2010 – 12/17/2010 | $154.82 |
| Ocana | Veronica | 4/2/2010 – 4/30/2010 | $349.86 |
| Oxlaj | Josue | 11/25/2011 – 12/22/2011 | $550.57 |
| Paredes | Marisa | 11/4/2011 – 11/18/2011 | $525.00 |
| Paredes | Nidia | 10/15/2010 – 3/31/2011 | $351.89 |
| Perez | Paula | 1/28/2011 – 8/15/2011 | $518.00 |
| Pleytez | Rosa | 2/20/2010 – 2/11/2011 | $1,673.13 |
| Ramirez | Charlie | 3/12/2010 – 1/27/2012 | $3,518.19 |
| Rivas | Maynor | 2/20/2010 – 1/26/2012 | $3,343.00 |
| Rosas | Jesus | 2/20/2010 – 11/25/2010 | $488.74 |
| Rosas | Yolanda | 10/8/2010 – 1/13/2012 | $3,010.00 |
| Rubio | Angel | 10/15/2010 – 3/11/2011 | $7,810.00 |
| Samano | Salvador | 3/5/2010 – 4/2/2010 | $153.00 |
| Sanchez | Lourdes | 3/26/2010 – 12/0/2010 | $684.67 |
| Silva | Consuelo | 6/10/2011 – 12/30/2011 | $534.24 |
| Trujillo | Jose | 2/26/2010 – 9/23/2011 | $319.67 |
| Valdivia | Patricia | 2/20/2010 – 4/2/2010 | $340.00 |
| Vega | Jorge | 11/25/2011 – 1/13/2012 | $365.97 |